UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:25-cr-73-MMH-SJH
   18 U.S.C. § 933
   18 U.S.C. §§ 922(a)(1)(A)
   18 U.S.C. § 371
   18 U.S.C. § 922(a)(6)
BRADEN HUSTON HOBBS   21 U.S.C. §§ 841, 846

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Firearms Trafficking Conspiracy)

Beginning on an unknown date but no later than in or about March 2022 and continuing through in or about June 2024, in the Middle District of Florida, and elsewhere, the defendant,

BRADEN HUSTON HOBBS,

did conspire with persons, both known and unknown to the Grand Jury, to ship, transport, cause to be transported, receive, and otherwise dispose of firearms in and otherwise affecting interstate and foreign commerce, when the defendant knew and had reasonable cause to believe that such receipt would constitute a felony.

In violation of 18 U.S.C. § 933(a)(3).

## COUNT TWO
## (Conspiracy to Deal Firearms Without a License)

Beginning on an unknown date but no later than in or about March 2022 and continuing through in or about June 2024, in the Middle District of Florida, and elsewhere, the defendant,

BRADEN HUSTON HOBBS,

did knowingly and willfully conspire with others known and unknown to the Grand Jury, to commit offenses against the United States, specifically, willfully engaging in the business of dealing in firearms while not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

It was part of the conspiracy that the defendant would obtain firearms from a federally licensed firearms dealer and then sell those firearms to others without a license.

In furtherance of the conspiracy and to carry out its objectives, the following overt acts were committed by the defendant and others known and unknown to the Grand Jury:

1. The defendant would communicate with prospective buyers and arrange to sell firearms to them.
2. The defendant sent images of firearms for sale to prospective buyers.
3. The defendant would ask co-conspirators to find buyers for the firearms.
4. Co-conspirators would advertise the firearms to the buyer(s).
5. On or about June 28, 2024, and July 17, 2024, a co-conspirator told a

buyer he had multiple sources of supply for the firearms he was selling.

6. On or about July 17, 2024, a co-conspirator told a buyer that he would reach out to his sources of supply for firearms, which he and another co-conspirator would then resell.

7. On February 8, 2024, the defendant sent communications stating he "deal[s]" in firearms and could supply buyers with anything they want.

In violation of 18 U.S.C. §§ 371, 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT THREE
### (Dealing Firearms Without a License)

Beginning on an unknown date but no later than in or about March 2022 and continuing through in or about June 2024, in the Middle District of Florida, and elsewhere, the defendant,

**BRADEN HUSTON HOBBS,**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## COUNT FOUR
### (Materially False Statement to a Firearms Dealer)

On or about April 17, 2024, in the Middle District of Florida, the defendant,

**BRADEN HUSTON HOBBS,**

in connection with the acquisition of a firearm, a Glock model 19 pistol, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to a federally licensed

firearms dealer intended and likely to deceive the dealer with respect to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that the defendant stated he was the actual buyer of the firearm, to the effect that the defendant stated he did not intend to sell or otherwise dispose of the firearm in furtherance of any felony or other offense punishable by more than one year, a Federal crime of terrorism, or a drug trafficking offense, and to the effect the defendant stated was not an unlawful user of, or addicted to, any controlled substance, when in fact, the defendant was not the actual buyer of the firearm, did intend to sell or otherwise dispose of the firearm, and was an unlawful user of, and addicted to, controlled substances.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT FIVE
### (Drug Trafficking Conspiracy)

Beginning on an unknown date, but not later than in or about March 2022, and continuing through in or about June 2024, in the Middle District of Florida, and elsewhere, the defendant,

BRADEN HUSTON HOBBS,

did knowingly and willfully conspire with persons, both known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute controlled substances, which violation involved 500 grams or more of a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of Adderall, a Schedule II controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(ii).

## COUNT SIX
### (Possession with Intent to Distribute a Controlled Substance)

On or about June 26, 2024, in the Middle District of Florida, and elsewhere, the defendant,

BRADEN HUSTON HOBBS,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## FORFEITURE

1. The allegations contained in Counts One through Six of the Indictment are incorporated by referenced for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2. Upon conviction of a conspiracy of the violation of 18 U.S.C. § 922, in violation of 18 U.S.C. § 371, and a violation of 18 U.S.C. §§ 933 and/or 922, the

defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of these offenses.

3. Upon conviction of violation of 18 U.S.C. § 933, the defendant shall forfeit to the United States, any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4. Upon conviction of a violation of 21 U.S.C. §§ 846 and 841, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████

Foreperson

SARA C. SWEENEY
Acting United States Attorney

By: *Elisibeth Adams*
ELISIBETH ADAMS
Assistant United States Attorney

By: _____
MICHAEL COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
3/25/25 Revised

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

BRADEN HUSTON HOBBS

## INDICTMENT

Violations: 18 U.S.C. § 933, 18 U.S.C. §§ 922(a)(1)(A) and 371, 18 U.S.C. § 922(a)(1)(A), 18 U.S.C. § 922(a)(6), 21 U.S.C. §§ 846 and 841

A true bill,

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
Foreperson

Filed in open court this 24th day of March 2025.

_____
Clerk

Bail  $_____

GPO 863 525